UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00067-FDW

| | |
|---|---|
| MURPHY STEPHENS WAMALA<br>as next friend<br>Bianca Malachi,<br><br>    Petitioner,<br><br>vs.<br><br>US IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Respondent. | ORDER |

This matter is before the Court upon a habeas action filed on pro se petitioner Murphy Stephens Wamala's behalf by Bianca Malachi, acting as next friend.

## I. BACKGROUND

According to the Petition, Wamala was seized at his home on January 23, 2019, by Immigration and Customs Enforcement ("ICE") officers. The ICE officers asserted they were acting pursuant to an order of removal issued by an immigration court. Wamala claims his detention by ICE is illegal for one or more of the following reasons: there is no such order of removal; the official who issued the order of removal did not have jurisdiction to issue the order; ICE officers acted without a warrant; and no charges have been brought against Wamala.

Wamala's Petition was filed in Charlotte, North Carolina. He has since been transferred to the Stewart Detention Center in Lumpkin, Georgia, see Doc. No. 3.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. Having conducted the required initial review, the Court finds it does not have jurisdiction to consider the Petition on the merits.

### III.    DISCUSSION

Because Wamala does not allege he is in custody pursuant to a state court judgment, see 28 U.S.C.A. § 2254(a), his habeas Petition is treated as a 28 U.S.C.A. § 2241 action. In a habeas action challenging present physical confinement, "there is generally only one proper respondent[:]" the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). "[T]he court issuing the writ [must] have jurisdiction over the custodian." Id. at 442-43. Generally, in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 442-43 (quotation omitted). Here, Wamala fails to name a person who has immediate custody of him with the ability to produce him before this Court.

Additionally, Wamala is currently confined in Georgia and is not in the custody of any person who remains within the Western District of North Carolina. Cf. Rumsfeld, 542 U.S. at 441 ("Endo stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). As noted, Wamala has not named a proper respondent. Additionally, the person in Georgia with immediate custody of Wamala is not within the personal jurisdiction of this Court. Accordingly, the undersigned will order that

this action be transferred to the U.S. District Court for the Middle District of Georgia. The Steward Detention Center is within that court's territorial jurisdiction.

**IT IS THEREFORE ORDERED** the Clerk of Court shall transfer this action to the U.S. District Court for the Middle District of Georgia, Columbus Division, and thereafter close this case.

Signed: December 7,

Frank D. Whitney
Chief United States District Judge